Salina M. Kanai
Federal Public Defender
Craig W. Jerome
First Assistant Federal Defender & Counsel of Record
Office of the Federal Public Defender
        for the District of Hawai'i
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawai'i 96850
(808) 541-2521
craig_jerome@fd.org

Counsel for Defendant-Appellant

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America<br><br>        Plaintiff-Appellee<br><br>    v.<br><br>Christopher Chan<br>        Defendant-Appellant | CA9 No. 26-304<br>DC No. 1:22-cr-00109-DKW-1<br><br>Motion to Extend Time to File<br>Opening Brief |

**Motion to Extend Time to File Opening Brief**

Defendant-appellant Christopher Chan, through counsel, moves this Court to extend the time to file his opening brief until August 15, 2026, or, alternatively, to order that this case be held in abeyance until some or all of the cases discussed below are resolved.

1.      The defendant is appealing his conviction and sentence for violating 26 U.S.C. §5861(d), a federal statute banning the possession of an unregistered short-barreled rifle. He preserved various constitutional challenges to §5861(d) and his conviction for violating it, which he intends to pursue on appeal.[1]

2.      The district court sentenced the defendant to 46 months of imprisonment. The defendant has served his imprisonment sentence

---

[1]     Among them are the questions of whether the charged weapon is an "arm" for Second Amendment purposes, whether the National Firearms Act's registration and taxation requirements fit within this Nation's well-established historical traditions related to firearms regulations, whether possession of such a weapon can be banned consistently with the Second Amendment, and whether Congress lacks the power under the Commerce Clause to regulate his possession of the weapon at issue. He also questions the government's authority to (1) punish him for not registering a firearm that (2) the government would not allow him to register. The firearm at issue here was equipped with an internal (and thus not readily apparent) machinegun conversion device. In the only condition in which the government established that the defendant possessed it, this firearm was designed and equipped to fire more than one shot with each pull of the trigger. The defendant's position on appeal (as it was in the district court) is that this firearm was a machinegun, which the government would not allow him to register, and that it was not consequently within §5861(d)'s ambit for two reasons: (1) because it was not a rifle; and (2) because due process estopped the government from punishing someone for not doing something the government would not allow him to do.

2

and has been serving his three-year supervised release term since December 4, 2025.

3. The government does not oppose this motion.

4. The defendant's opening brief was originally due on April 8, 2026. He obtained a 30-day streamlined extension and his opening brief is presently due on May 8, 2026.

5. The defendant requests this extension because the Supreme Court is expected to decide two important Second Amendment cases soon, which counsel believes are likely to inform the briefing in this Second Amendment case. Those cases are:

- *Wolford v. Lopez*, No. 24-1046, which is an appeal from this Court (CA9 No. 23-16164), in which the Supreme Court conducted oral argument on January 20, 2026.

- *United States v. Hemani*, No. 24-1234, which concerns the constitutionality of 18 U.S.C. §922(g)(3), and in which the Supreme Court conducted oral argument on March 2, 2026.

Pending before en banc panels of this Court, moreover, are two additional Second Amendment cases in which oral argument has been

3

held and in which decisions are pending that are likely to inform the briefing in this case. These cases are:

- *Rhode v. Bonta*, No. 24-542, which was argued and submitted on March 25, 2026, and concerns the scope of regulatory authority that the Second Amendment allows.

- *Yukutake v. Lopez*, No. 21-16756, which was argued and submitted on March 24, 2026, and also involves the scope of regulatory authority that the Second Amendment allows.

In addition, there are a number of Second Amendment cases pending at the certiorari stage in the Supreme Court, which have been relisted for conference multiple times (a probable-grant indicator), and which, if the Supreme Court takes them up, would certainly bear on the proper resolution of the defendant's appeal in this case. This group of cases includes:

- *Duncan v. Bonta*, No. 25-198, which is another case from this Circuit, which questions the constitutionality of banning large capacity magazines.

- *Viramontes v. Cook County*, No. 25-238, which questions the constitutionality of banning assault weapons and similar

4

semiautomatic rifles (of the very kind at issue in this appeal).

Other pending and relisted certiorari petitions present the same or similar questions as do these two cases.

6. Counsel has diligently represented the defendant in the district court and in this appeal, he does not request this extension simply for the purpose of delay.

7. In addition, the attorneys for the Office of the Federal Public Defender for the District of Hawaiʻi who are assigned to brief this case are also assigned to the briefing in:

- *United States v. Budhabhatti*, CA9 No. 26-1018, in which the opening brief is due on May 14, 2026; this appeal is from a lengthy jury trial in an honest services fraud case that involved an unusual amount of contentious litigation in the district court.

- *United States v. Salas-Cruz*, CA9 No. 25-5161, in which a reply brief is expected to be due on May 27, 2026.

- *United States v. Alailefaleula*, CA9 No. 26-2149, in which the opening brief is due on July 1, 2026.

- *United States v. Young*, CA9 No. 24-6507, which this Court is holding in abeyance pending final resolutions in two pending en banc cases.

The assigned attorneys are also heavily involved in cases at the district court level.

8.    Because further guidance on the Second Amendment from the Supreme Court is certain within the next two months; because additional guidance may come from this Court; because additional insight may come from the resolution of pending certiorari petitions; because the defendant has fully served his imprisonment sentence; because this case involves significant constitutional questions; and because the government does not object, there seems good cause to be prudent and to defer the filing of the opening brief in this matter until, at the very least, the anticipated *Wolford* and *Hemani* decisions can be reviewed and addressed in the opening brief later this summer.

## Conclusion

In accord with the foregoing, this Court should grant this motion and extend the time to file the defendant-appellant's opening brief to

August 15, 2026, or, alternatively, hold this case in abeyance until some or all of the pending cases discussed above are resolved.

Date: Honolulu, Hawai'i, April 20, 2026.

*/s/ Craig W. Jerome*
Craig W. Jerome
First Assistant Federal Defender
*Counsel for Defendant-Appellant*

7